DIEGO G. GONZÁLEZ, Plaintiff and Appellee, *v.* MARCELINO ALDARONDO, Defendant and Appellant.

No. 5939. Argued February 15, 1934.—Decided July 9, 1934.

148

*Buenaventura Esteves* for appellant. *García Méndez & García Méndez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Diego G. González brought suit against Marcelino Aldarondo to recover the sum of $275 that the alleged debtor owed González. The plaintiff joined with the suit a credit of $510.88 which Emilio González assigned and transferred to Diego G. González. The total suit was for $275 plus the $510.88.

The first two assignments of error were as follows:

"1.—The district court committed a manifest error of law in overruling the demurrers of the defendant to the complaint of the plaintiff.

"2.—The district court committed a manifest error of law in finding that the plaintiff's action had not prescribed by force of law."

The theory of the appellant is that the action for the $510.88 had prescribed and therefore that the court did not have jurisdiction to entertain a suit for $275. Both assignments of error therefore depend upon the question of prescription.

Involved in this case is the interpretation of Section 1526 of the Spanish Civil Code, equivalent to Section 1429 of the Civil Code of 1902 and to Section 1416 of the edition of 1930. This Section reads as follows:

"Section 1416.—The assignment of a credit, right, or action shall produce no effect against a third person but from the time the date is considered fixed, in accordance with Sections 1172 and 1181.

"If said assignment involves real property, from the date of its entry in the registry."

The Section referred to in said Section are as follows:

"Section 1172.—Public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date of the latter.

They shall also be evidence against the contracting parties and their legal representatives with regard to the declarations the former may have made therein."

"Section 1181.—The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office.

"The same provision shall apply with respect to the principal in regard to contracts made by his agent, in the cases to which the last respective paragraphs of sections 1232 and 1629 of this Code refer, with the exceptions therein made."

We agree with the appellee that the transfer of credits referred to in Section 1429 has reference only to the rights of third persons and does not affect a debtor. Both parties have cited from 10 Manresa 380 and again we agree with the appellee that Manresa excludes rather than includes the debtor in the transfer of credits.

The appellant alleges that Section 1868, paragraph 4 of the Civil Code, is applicable, as follows:

"Actions for the fulfillment of the following obligations shall prescribe in three years:

"1.     *     *     *     *     *     *     *

"2.     *     *     *     *     *     *     *

"3.     *     *     *     *     *     *     *

"4. For the payment of board and lodging to innkeepers, and to traders for the value of goods sold to others who are not traders, or who, being such, are engaged in a different trade."

In other words, the theory of the appellant was that this was an action for goods sold.

It transpires that both grantor of the plaintiff and the defendant were provision merchants and in the same trade, and hence prescription of three years does not apply. Under these circumstances we agree with the appellee that no term of special prescription is fixed by the Civil Code and that the right of action would exist for fifteen years.

The appellant to a certain extent relied on *Heirs of Franceschi* v. *González,* 42 P.R.R. 901. That was a case where we held that a new promise was like an independent cause of action and that the new promise ought to be stated in the complaint. The appellee did not rely on a new promise but in great part on the fact, as stated, that both the parties were merchants engaged in the same kind of business.

We consider that the amendment made at the trial to show a different date did not constitute a surprise to the defendant, but did perhaps give a right to rely on prescription at the trial.

The appellee likewise draws attention to the failure of the appellant properly to allege prescription, but we find it unnecessary to consider the question.

The third assignment of error was raised by the answer and alleged that there has been laches on the part of the plaintiff. The record shows that the complaint was filed on December 13, 1928. Many months elapsed wherein the plaintiff took no action. The court on February 21, 1930 issued a rule to show cause why the case should not be filed away and as no action was taken by the plaintiff the court entered judgment on April 11, 1930 ordering the case to be so filed away. More than six months thereafter, namely, on November 25, 1930, the plaintiff presented a motion to have the judgment set aside, giving excuses which seemed sufficient to the court below and an order setting aside the judgment was made and the case proceeded to trial. After the judgment was set aside the court proceeded to set, with notice

to the defendant, the hearing of a pending demurrer. He did not appear to support the demurrer and the court after the hearing overruled it.

We incline to agree with the appellee that the failure of the defendant to make any objection to the action of the court until the answer was filed was a waiver, especially a failure to appear at the hearing of the demurrer.

■ The principal discussion in this regard is the interpretation of Section 140 of the Code of Civil Procedure, as follows:

"Section 140.—The court may, in furtherance of justice, and on such items as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just, an amendment to any pleading or proceeding in any other particulars; and may, upon like terms, allow an answer to be made after the time limited by this Code, and also relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of, was taken, the court, or the judge thereof, in vacation may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term."

Of course, the order of the court was made more than six months from April 11, 1930. The court and the appellee insist that the six months to which Section 140 relates had no application to the facts of this case, and that the six months referred to other matters and not to the filing away of the judgment. However, we think that the said six months refer to any action taken against a party.

■ We are of the opinion that the six months set out in the Code of Civil Procedure is not an absolute limitation

on the power of the court but that in extraordinary cases the court may act. We should not reverse the action unless we were convinced of an abuse of discretion and we are not convinced of such abuse. The distinction to be made is that where the order is made within six months it would take a very strong conviction of abuse of discretion to reverse, but the action of the court might be more readily reversed if the attempted correction took place outside of the six months.

█ Reading the section one may notice that the time of six months is not made to run from the date of the order setting aside the previous order or judgment, but runs for six months from the end of the term in which the order was made so that it may readily exceed six months and in some cases it might be nearly eight months. The record is silent as to the running of the term in Aguadilla and we have ascertained, as we could take judicial notice of it, that the term in which the order was made did not expire until the end of May, 1930. Under these circumstances the order of the court was within the time fixed by the law.

We find no passion or prejudice in the attitude of the court below in weighing the evidence and refusing to believe the testimony of the defendant and his witnesses as to payment.

The judgment should be affirmed.